OPINION OF THE COURT
Margaret Taylor, J.
Claimant David Schwartz asserts that his moored vessel was damaged by three-foot swells caused by the negligent conduct of defendant’s employee in the operation of defendant’s vessel in the East River of New York City.
For the reasons set forth below, this court finds that the defendant is liable for one half of the damages sustained by claimant’s vessel. Claimant is equally responsible for the damages because he contributed to his own loss by mooring his vessel improperly.
This case involves two issues:
(1) Whether defendant is liable for damages sustained by claimant’s vessel, the Viewfinder, which resulted when defendant’s vessel, the TNT Express I, passed the moored Viewfinder at 33 miles per hour producing a three-foot swell which caused the Viewfinder to strike the dock.
(2) Whether the claimant contributed to the damage his vessel sustained when he improperly moored his small pleasure craft at a dock intended only for large cargo vessels.
On Monday, May 13, 1991, between the hours of 2:15 p.m. and 3:15 p.m., claimant’s vessel, the Viewfinder, was docked at Pier 36 on the East River facing south with the starboard side moored to the dock. Defendant’s vessel, the TNT Express I, is alleged to have been travelling south on the East River at a high rate of speed causing the vessel to produce a large wake, This wake caused the Viewfinder to rock, sway and be forcibly caught under the dock. Claimant is seeking to recover for the damages his boat sustained in the amount of $2,000.
Pursuant to the maritime "rules of the road”, "The owner, master, or person in charge of each vessel underway shall ensure that: * * * The person directing the movement of the vessel sets the vessel’s speed with consideration for * * * [t]he damage that might be caused by the vessel’s wake.” (33 CFR 164.11 [p] [6].)
Claimant testified that the TNT Express I was travelling in mid-channel approximately 300 yards from shore as it travelled south toward where the claimant’s vessel was moored. *694 This vantage point allegedly offered the TNT pilot a clear view of the claimant’s boat. A preponderance of evidence establishes that the TNT pilot should have had time to observe the moored Viewfinder and reduce speed from 33 miles per hour to a speed which would not create an abnormally high swell. The swell was three feet high at the shoreline and therefore was higher at the point in mid-channel where it was created by the TNT.
New York Navigation Law provides that, "[n]o person shall operate a vessel at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.” (Navigation Law § 45 [1] [b].) Claimant argues that travelling at 33 miles per hour on the East River is per se unreasonable. Based on an observation of the location both on the Brooklyn Bridge and at the mooring site (arranged with the consent and participation of both sides), it is the court’s view that it is not per se unreasonable to proceed at a speed of 33 miles per hour on that portion of the East River between the Brooklyn and Manhattan Bridges.*
The operator of defendant’s vessel was, however, obligated to maintain a "lookout in time to have slowed * * * thereby reducing the size of the displacement waves.” (Williamson v The Carolina, 158 F Supp 417, 420 [ED NC 1958].) Defendant’s employee either saw the claimant’s vessel and failed to slow down, or did not see claimant’s vessel when he should have. Either indicate negligent conduct.
As a general rule, vessels that are tied up to piers must be "properly moored so as to resist ordinary and normal swells in narrow waters where heavy traffic may be anticipated.” (O’Donnell Transp. Co. v M/V Md. Trader, 228 F Supp 903, 909 [SD NY 1963].) Here, the dock to which claimant chose to moor his vessel is intended only for large cargo vessels. He negligently placed his boat at risk. The nature of the risk was a contributing factor to the damage sustained.
*695 The court has determined that claimant has provided sufficient grounds to find the defendant negligent. Applying the general rule of comparative negligence in situations such as this, claimant is entitled to recover only $1,000 (one half the damage he claimed) from defendant for damages sustained by his vessel, the Viewfinder.

 Even though the defendant’s vessel was more than 100 feet from the pier where the claimant’s vessel was moored, the court considered applying, by analogy, the five-mile-per-hour rule which provides that "[n]o vessel shall be operated within one hundred feet of the shore, a dock, pier, raft, float or an anchored or moored vessel at a speed exceeding five miles per hour”. Defendant’s vessel was approximately 300 feet from the pier and thus, it could be argued that a reasonable speed at this point is 10 to 15 miles per hour. However, this standard was not implemented because defendant’s vessel is commercial and the rule does not apply to commercial vessels. (Navigation Law § 45 [2], [4].)